Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY HJELM,<br><br>    Plaintiff,<br><br>    v.<br>ASSET ACCEPTANCE, LLC;<br>SUTTELL & ASSOCIATES, P.S.;<br>ISSAC HAMMER, and JANE DOE<br>HAMMER, husband and wife.<br><br>    Defendants. | Case No.:<br><br>COMPLAINT<br><br>[FDCPA] |

Plaintiff Mary Hjelm, suing on her behalf, by and through their attorney, Michael D. Kinkley of Michael D. Kinkley, P.S., alleges the following:

I. COMPLAINT

1.1. This is an action for damages and remedies against Asset Acceptance, LLC; Suttell & Associates, P.S.; and Isaac Hammer and Jane Doe Hammer, husband and wife, (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); and for damages and remedies against Asset Acceptance,

LLC, pursuant to the State of Washington Collection Agency Act, RCW 19.16, ("WCAA"); for damages and remedies pursuant to the Washington State Consumer Protection Act (RCW 19.86 et seq.) ("WCPA").

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, and a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the plaintiffs reside within the territorial jurisdiction of the court.

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1. Plaintiff Mary Hjelm is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). She is an individual.

3.2. Plaintiff Mary Hjelm is a natural person.

3.3. Defendant Asset Acceptance, LLC, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.4. The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.5. All charges defendants alleged that Plaintiff Hjelm owed were for personal purposes.

3.6. Defendant Asset Acceptance, LLC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.7. Defendant Asset Acceptance, LLC regularly uses interstate commerce or the mails for the collection of debts.

3.8. The principle purpose of Asset Acceptance, LLC's business is the collection of debts.

3.9. Defendant Asset Acceptance, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.10. Defendant Suttell & Associates, P.S. was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.11. The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.12. All charges defendants alleged that Plaintiff Hjelm owed were for personal purposes.

3.13. Defendant Suttell & Associates, P.S. is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.14. Defendant Suttell & Associates, P.S. regularly uses interstate commerce or the mails for the collection of debts.

3.15. Defendant Suttell & Associates, P.S. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.16. Defendant Isaac Hammer was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.17. The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.18. All charges defendants alleged that Plaintiff Hjelm owed were for personal purposes.

3.19. Defendant Isaac Hammer is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.20. Defendant Isaac Hammer regularly uses interstate commerce or the mails for the collection of debts.

3.21. Defendant Isaac Hammer regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.22. Defendant Asset Acceptance, LLC is a "collection agency" as defined by RCW 19.16.100(2).

3.23. Defendant Asset Acceptance, LLC, solicits claims for collection.

3.24. Defendant Asset Acceptance, LLC, indirectly solicits claims for collection.

3.25. Defendant Asset Acceptance, LLC, collects or attempts to collect debts or claims that were originally owed to another person.

3.26. Defendant Asset Acceptance, LLC, obtained any right to collect the Hjelm obligation after that alleged obligation was in default.

3.27. Defendant Asset Acceptance, LLC is not licensed as a "collection agency" as required by Washington law.

3.28. Defendant Asset Acceptance, LLC is a Delaware Corporation.

## IV. PARTIES

COMPLAINT -5

4.1. Now, and at all relevant times, Plaintiff Mary Hjelm was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2. Defendant Asset Acceptance, LLC, is a limited liability corporation engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

4.3. Defendant Asset Acceptance, LLC is neither a Washington corporation.

4.4. Defendant Asset Acceptance, LLC has not been qualified to do business in Washington as a foreign corporation.

4.5. The principle purpose of Defendant Asset Acceptance, LLC's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone.

4.6. Defendant Asset Acceptance, LLC, regularly attempts to collect debts alleged to be due another or originally owed to another.

4.7. Defendant Asset Acceptance, LLC  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.8. Defendant Isaac Hammer of Suttell & Associates, P.S., was the attorney for Asset Acceptance, LLC in the State of Washington, Spokane Count Superior Court Lawsuit against Plaintiff Hjelm.

4.9. Defendant Isaac Hammer of Suttell & Associates, P.S. approved the form of the state court Complaint filed against Plaintiff Hjelm and the collection system using that complaint.

4.10. Defendant Isaac Hammer is an employee of Suttell & Associates, P.S. All acts done by Defendant Isaac Hammer were done on his behalf, on behalf of the Hammer marital community, on behalf of Suttell & Associates, P.S., and on behalf of Asset Acceptance, LLC.

4.11. All acts done by Suttell & Associates were done on its own behalf, and on behalf of Asset Acceptance, LLC.

## V. FACTS

5.1. On November 4, 2007, Defendants served Plaintiff Mary Hjelm the Summons and Complaint in Washington State Superior Court, Spokane County, Case No.: 08-2-01965-3 (Collection Lawsuit).

5.2. On April 24, 2008, Defendants filed the Collection Lawsuit against Mary Hjelm in Washington State Superior Court, Spokane County.

5.3. The alleged debt which was the subject of the Collection Lawsuit was from an alleged obligation to Home Depot, account 6035320114867607024474900331000003900 ("Home Depo").

5.4. The Home Depot debt was for the purchase of a bath tub from Home Depot.

COMPLAINT -7

5.5. The bathtub was a "good" as defined by the Revised Code of Washington ("RCW") § 62A.2-105.

5.6. The Washington UCC statute of limitations to bring an action for breach of contract for the sale of a good is four years pursuant to RCW § 62A.2-725.

5.7. The bathtub was a "good" as defined by S.D. Codified Laws ("SDCL") § 57A-2-105.

5.8. The South Dakota UCC statute of limitations to bring an action for breach of contract for the sale of a good is four years pursuant to SDCL § 57A-2-725.

5.9. No payment has been made to Home Depot sometime before November 11, 2003.

5.10. No charges were made on the Home Depot account since sometime before November 11, 2003.

5.11. The Collection Lawsuit was an attempt to collect a debt that was time barred by the Washington UCC statute of limitations.

5.12. The Collection Lawsuit was an attempt to collect a debt that was time barred by the South Dakota UCC statute of limitations.

5.13. On Approximately July 19, 2007, Plaintiff Hjelm sent a dispute and demand for verification pursuant to 15 USC § 1692g to Asset

Acceptance, LLC and Suttell & Associates, P.S. addressed to Suttell & Associates, P.S.

5.14. On October 9, 2007, Suttell & Associates P.S. sent a letter in response to the dispute and demand for verification with attachments which included a statement of account generated by Suttell & Associates, P.S.

5.15. The statement of account, states the, "Date of Last Payment" was "11/25/03."

5.16. Asset Acceptance, LLC is doing business in Washington including but not limited to the solicitation of debts that were originated in Washington that are in default in order to collect or to attempt to collect after purchasing the debt.

5.17. Asset Acceptance, LLC is not licensed as a "collection agency" as defined by Washington law. RCW 19.16.020(2).

## VIII. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

8.1 The debt collector Defendants, through their own acts, by and through their agents and employees, and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiff.

8.2 The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e, 15 USC § 1692e(2)(A), and other provisions of the FDCPA..

8.3 The Defendants have threatened to take action that cannot legally be taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other provisions of the FDCPA.

8.4 The debt collector defendants made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

8.5 Defendants misrepresented the date of default of the loan.

8.6 Defendants misrepresented the amount due.

8.7 Defendants misrepresented the amount due for interest and the amount due for principal and failed to disclose that any amounts claimed were due for any reason other than principle or interest including but not limited to late fee, etc.

8.8 Defendants have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f(1).

8.9  Defendants attempted to collect a debt barred by the UCC statute of limitations for a sale of goods.

8.10 Commencing or threatening to commence a lawsuit to collect a debt which is barred by the statute of limitations is a violation of the FDCPA, 15 USC § 1692f(1).

8.11 Defendants have collected or attempted to collect collection charges, interest and attorney fees in excess of the collection charges, interest and attorney fees in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

8.12 The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

8.13 Defendant violated 15 USC 1692g by failing to properly verify the alleged debt and/or taking collection action without verifying or adequately addressing the dispute made by the consumer.

8.14 The Defendants violation of the FDCPA has caused actual Damages to the Plaintiff.

### IX. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

9.1 Defendant Asset Acceptance, LLC is a "collection agency" as defined by RCW 19.16.100(2).

9.2  Defendant Asset Acceptance, LLC and its defendant employees are in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

9.3  Asset Acceptance, LLC is not properly licensed as a collection agency as required by the WCAA.

9.4  Asset Acceptance, LLC is collecting debts in Washington without a license in violation of the WCAA.

9.5  Asset Acceptance, LLC is filing lawsuits without being a valid Washington corporation.

9.6  Asset Acceptance, LLC is filing lawsuits without being a Qualified Foreign Corporation.

9.7  Asset Acceptance, LLC violated RCW 19.16.250(8) by failing to give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type:

9.7.1  (a) The name of the licensee and the city, street, and number at which he is licensed to do business;

9.7.2  (b) The name of the original creditor to whom the debtor owed the claim if such name is known to the licensee or employee:

>PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain the name of such person and provide this name to the debtor;

9.7.3   (c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made including:

>9.7.3.1   (i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

>9.7.3.2   (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

>9.7.3.3   (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

9.7.3.4    (iv) Collection costs, if any, that the licensee is attempting to collect;

9.7.3.5    (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor;

9.7.3.6    (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor.

9.8    Defendant Asset Acceptance, LLC, violated RCW 19.16.250(14)(15) and (18) by misrepresenting the amount due and attempting to collect amounts in excess of that allowed by law.

9.9    Defendant Asset Acceptance, LLC, violated RCW 19.16.250, by causing a lawsuit to be filed for a time barred debt.

## X. VIOLATION OF THE CONSUMER PROTECTION ACT

10.1    Defendant Asset Acceptance, LLC violated the Washington Consumer Protection Act (WCPA).

10.2    Defendant Asset Acceptance, LLC's violation of the Washington State Collection Agency Act is a per se violation of the Washington State Consumer Protection Act. (RCW 19.16.440).

COMPLAINT -14

10.3   Defendant Asset Acceptance, LLC's violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce.

10.4   Defendant Asset Acceptance, LLC's violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

10.5   Defendant Asset Acceptance, LLC has violated the WCCA including but not limited to the prohibited practices section (RCW 19.16.250).

10.6   Defendant Asset Acceptance, LLC has violated the WCCA including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

10.7   Defendant Asset Acceptance, LLC has violated the Washington Administrative Code governing the actions of collection agencies.

10.8   The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

COMPLAINT -15

10.9   The Consumer Protection Act of the State of Washington requires that all collection agencies, their agents, and debt collectors abstain from unfair or deceptive practices or acts and unfair methods of competition.

10.10  Defendant Asset Acceptance, LLC, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the plaintiffs.

10.11  Defendant Asset Acceptance, LLC has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

10.12  Defendant Asset Acceptance, LLC has is in the business of debt collection in trade or commerce.

10.13  Unlawful and Unfair Debt Collections is against public interest.

10.14  Defendant Asset Acceptance, LLC's actions were the direct cause of injury to plaintiff's property.

10.15  The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

10.16   Defendants Suttell & Associates P.S. and Isaac Hammer have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

10.17   Defendants Suttell & Associates P.S. and Isaac Hammer are in the business of debt collection in trade or commerce.

10.18   Unlawful and Unfair Debt Collections is against public interest.

10.19   Defendants Suttell & Associates P.S. and Isaac Hammer's actions were the direct cause of injury to plaintiff's property.

10.20   The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

10.21   Defendant Suttell & Associates, P.S. is a for profit corporation.

10.22   The entrepreneurial acts and practices of an attorney are subject to the Washington Consumer Protection Act, RCW 19.16 and subsequent sections.

10.23   The Washington Consumer Protection Act requires that all attorney's engaging in the entrepreneurial acts and practices abstain from unfair or deceptive practices or and unfair methods of competition.

10.24   Defendants Suttell & Associates P.S. and Isaac Hammer use unfair and deceptive practices to create unfair and deceptive charges as legal

fees, to collect unfair and deceptive fees, to bill unfair and deceptive fees, to determine unfair and deceptive fees.

10.25   Defendants Suttell & Associates P.S. and Isaac Hammer use unfair and deceptive acts and practices to obtain and retain clients.

10.26   The violations of the WCPA against Defendants Suttell & Associates P.S. and Isaac Hammer are based on entrepreneurial aspects of the practice of law.

## XI. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

11.1   Actual damages;

11.2   Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2).

11.3   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

11.4   Costs and reasonable attorney's fees pursuant to the Washington Consumer Protection Act, RCW 19.86;

11.5   Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86;

11.6   Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act; and/or the Washington Collection Agency Act.

COMPLAINT -18

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

11.7 Disgorgement pursuant to RCW 19.16.450 of all interest, service charges, attorneys' fees, collection costs, delinquency charge or any other fees or charges otherwise legally chargeable to the debtor on such claim, collected by defendants;

11.8 Injunction prohibiting defendants from attempting to collect collection fees, interest, attorney fees, and other charges unless allowed by law.

11.9 Injunction prohibiting defendants from attempting to collect time barred debt by threatening or instituting litigation.

11.10 For such other and further relief as may be just and proper.

DATED this 23rd day of April, 2009.

*Michael D. Kinkley P.S.*

/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff